UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICAH WILLIAMS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>JUDITH LOVCHIK, )<br>JUDITH MONROE, )<br>INDIANA STATE DEPARTMENT OF )<br>HEALTH, )<br>MITCH DANIELS, )<br>STATE OF INDIANA, )<br>GREGORY N. LARKIN M.D., )<br>)<br>Defendants. ) | NO. 1:09-cv-1183-TWP-DML |

### ENTRY ON MOTIONS IN LIMINE

This matter comes before the Court on the parties' dueling Motions in *Limine* (Dkt. #93, 102). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. The Court will address each party's motions in turn.

**A. Plaintiff's Motions in *Limine* (Dkt.#93)**

Plaintiff has only filed one Motion in *Limine*, which relates to the Defendants' position

statements. This motion is unopposed. Therefore, it will be granted.

### B. Defendants' Motions in *Limine* (Dkt. # 103)

Defendants have filed four Motions in *Limine*, which relate to: (1) settlement negotiations, (2) back pay and front pay, (3) other lawsuits involving the State of Indiana, the Indiana State Department of Health or the individual Defendants, and (4) references to alleged race discrimination or racially discriminatory statements.

Defendants' first motion *in limine* relates to settlement negotiations. It is well-settled that settlement negotiations are not admissible at trial. *See* Fed. R. Evid. 408. Plaintiff concedes this point, writing that he "takes no issue with excluding settlement negotiations." (Dkt. #105 at 1). This is all that Defendants' motion asks to exclude. Plaintiff's other concerns are unfounded; therefore, Defendants' motion is granted.

Second, Defendants asks the Court to exclude any reference to, or allegation of, lost back pay or front pay. Back pay and front pay are equitable remedies to be decided by the Court, not a jury. *See Pals v. Shepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500-01 (7th Cir. 2000). Under similar circumstances, courts have barred evidence of back pay and front pay at trial. *See, e.g., Tompkins v. Eckerd*, 2012 WL 1110069, at *5 (D.S.C. April 3, 2012); *Dixon v. Don Allen Auto City*, 2009 WL 56041, at *2 (W.D. Pa. Jan. 7, 2009). Heeding this approach, the Court grants Defendants' motion *in limine* as it relates to testimony and evidence concerning back pay and front pay. The Court will hold in abeyance its determination regarding Plaintiff's entitlement to back pay and/or front pay until after the jury resolves issues of liability.

Third, Defendants seek to bar evidence of other lawsuits against Defendants. Such evidence would have little to no probative value while running the risk of needlessly

prejudicing the jury. Accordingly, Defendants' motion in *limine* is granted.

Fourth and finally, Defendants seek to bar references to alleged race discrimination or racially discriminatory statements. Defendants' argue that because only a retaliation claim remains for trial, evidence relating to Plaintiff's discrimination claim is irrelevant. Although Defendant's do not cite authority to bolster this position, some exists. *See Tompkins*, 2012 WL 1110069, at *3 ("In accordance with the order granting Defendant summary judgment on Plaintiff's claims for discrimination, retaliation, or wrongful discharge, the court finds that it would be improper to allow Plaintiff to introduce evidence, testimonial or otherwise, regarding the previously dismissed claims."); *McCracken v. Exxon Mobil Corp. Inc.*, 2006 WL 1663765 (S.D. Tex. June 13, 2006) (denying motion for a new trial based on argument that plaintiff should have been permitted to adduce evidence of discrimination in a trial about retaliation, even though the discrimination claim had been dismissed at the summary judgment stage; "Foster's testimony against the defendants would have required the parties to present evidence as to the merits of her claims of discrimination and retaliation. Based on McCracken's proffer of Foster's testimony, this court determined that much of it would be irrelevant to the retaliation issue tried in this case, confusing to the jury (which was deciding a retaliation case, not a discrimination case), inflammatory and prejudicial to the defendants, and unnecessarily time-consuming."); *Speedy v. Rexnord Corp.,* 243 F.3d 397, 406 (7th Cir. 2001) (affirming trial court's exclusion of two witnesses who intended to testify about manager's sex discrimination in a retaliation case).

These rulings are sensible, because they avoid opening up a Pandora's box: mini-trials on the merits of collateral issues, which would extend the trial indefinitely. In other words, if the Court allows Plaintiff to present evidence regarding discrimination, then the Court must allow

Defendant to present some evidence in rebuttal. As Defendants note, "[i]n a retaliation trial, all the jury is concerned with is whether there was protected activity – it does not matter for purposes of a retaliation claim whether the matters about which Plaintiff complained are true or not." (Dkt. #94 at 4).

Plaintiff counters that he should be permitted to offer a "wide array" of evidence in light of the Seventh Circuit's decision in *Fine v. Ryan International Airlines, Inc.*, 305 F.3d 746 (7th Cir. 2002). In that case, the plaintiff had to prove that she "reasonably believed in good faith that the practice she opposed violated Title VII." *Id*. at 754 (citation and internal quotations omitted). In order to establish the nature of her *good faith belief*, then, the plaintiff was permitted to introduce evidence explaining what underpinned her good faith belief (i.e. "the evidence of underlying sexual harassment"). Comment (c) of Seventh Circuit Federal Jury Instruction § 3.02 ("Retaliation") speaks to this issue, stating:

> In many cases, <u>the question of what constitutes a protected activity will not be contested. Where it is, however</u>, the instruction should be revised as follows:
>
> Plaintiff claims that he was [*adverse employment action*] by Defendant because of [*protected activity*]. To succeed in this claim, Plaintiff must prove two things by a preponderance of the evidence:
>
> 1. His [*protected activity*] was based on a reasonable, good faith belief that [*describe Plaintiff's belief regarding his protected activity, e.g., that he was fired because of his race*]. This does not, however, require Plaintiff to show that what he believed was correct.
>
> 2. Defendant would not have [*adverse employment action*] Plaintiff if he had [*not engaged in protected activity*] but everything else had been the same.

As the Court sees it, Defendants have two choices. First, they can stipulate that Plaintiff's protected activity "was based on a reasonable, good faith belief," although "[t]his does not . . . require Plaintiff to show that what he believed was correct." If Defendants agree to this stipulation, then Plaintiff's discrimination evidence is not particularly relevant, has a large risk of prejudice, and therefore is not admissible. If, however, Defendants refuse to stipulate to this point, Plaintiff will be permitted to introduce the evidence underlying his "reasonable, good faith belief" about discrimination. At the final pretrial conference, Defendants should be prepared to discuss their choice. As it stands, the Court will reserve ruling until Defendants make a decision at the final pretrial conference.

   C. **Conclusion**

As discussed above, Plaintiff's Motion in *Limine* (Dkt. #102) is **GRANTED.** Defendants' Motion in *Limine* (Dkt. #93) is **GRANTED** to the extent it applies to settlement negotiations, back pay and front pay, and other lawsuits involving the State of Indiana, the Indiana State Department of Health or the individual Defendants. The Court reserves ruling until the final pretrial conference to the extent Defendants' motion applies to references to alleged race discrimination or racially discriminatory statements.

SO ORDERED.   07/18/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

Laura Lee Bowker
INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov,Victoria.Hoffman@atg.in.gov

James D. Masur , II
ROBERT W. YORK & ASSOCIATES
jmasur@york-law.com